■ In the Matter of the Estate of HELEN LUKAS, Deceased. ANGELIKI SKIJUS, Appellant; DANIEL PANELS, as Executor of HELEN LUKAS, Deceased, Respondent.— Decree unanimously reversed on the law and facts, with costs payable out of the estate, and matter remitted to Onondaga Surrogate's Court for further proceedings in accordance with the following memorandum: Appellant, a named beneficiary of a substantial share of her aunt's estate, made application to have a right of election declared void upon the ground that the surviving husband was incompetent at the time the election was filed. The Surrogate, without a testimonial hearing, dismissed the objection upon the stated ground that there had been no judicial declaration of incompetency at the time when the election was made and, therefore, that appellant had no standing. Unquestionably, if a surviving spouse is incompetent at the time of such filing, the validity thereof may be questioned by a proper party. The Surrogate has, at least by implication, so held in the event that it is shown that there has been an adjudication of incompetency. We can perceive of no reason why the same rule should not prevail in the absence of an adjudication, if the surviving spouse is in fact of unsound mind. The reason for permitting such an objection rests upon a substantial public policy mandating the examination of the acts of an alleged incompetent in order to insure that his just property rights are adequately protected (*Sporza* v. *German Sav. Bank,* 192 N. Y. 8, 14; cf. *Ortelere* v. *Teachers' Retirement Bd. of City of N. Y.,* 25 N Y 2d 196; *Matter of Allan,* 5 N Y 2d 333). SCPA 1421 gives "Any person interested in obtaining a determination as to the validity or effect of an election" the right to have the question resolved and, since the share of the niece under the will might be reduced if the election is sustained, she is a "person interested" and may properly seek the requested relief (see Practice Commentary, SCPA 1421 by John L. Goldman, McKinney's Cons. Laws of N. Y., Book 58A). The Surrogate also fixed the amount of the surviving spouse's elective share. In passing, we take note that since there is no issue of the decedent, the correct computation thereof is one half of the net estate (EPTL, 5–1.1, subd. [c], par. [1]). (Appeal from decree of Onondaga County Surrogate dismissing objections to right of election.) Present — Marsh, J. P., Gabrielli, Moule, Cardamone and Henry, JJ.